(144)          THEOTESTE, (*alias* CATICHE,) *v.* CHOUTEAU.

The ordinance of 1787, which provides that "neither slavery nor involuntary servitude shall exist in the N. W. Territory," does not impair any rights *then* existing —and negroes born and held as slaves, previous to the passage of said ordinance, are not entitled to their freedom by reason thereof.

APPEAL from St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.*

This was an action of trespass, &c., in the form prescribed by law, to try the right to freedom; plea, not guilty; verdict and judgment for the defendant.   On the trial of this cause, it was proved that the plaintiff was born in the year 1782, at Prairie du Rocher in that part of the late North-Western Territory which now forms a part of the State of Illinois; that she was born a slave in the year 1782 as aforesaid, and there remained as such till about the year 1809, when she was brought to St. Louis, in the then Territory of Missouri, and sold as a slave; and that the present defendant derives title through one Manuel Lisa, who purchased her of a person who held her in slavery in Illinois, and derived his title from the original owner.   The plaintiff prayed the Court to instruct the jury, "that if they believed from the evidence, that the plaintiff was born a slave in the late North-Western Territory of the United States, now State of Illinois, in the year 1782, and was held there as a slave since 13th July, 1787, and has been since held as a slave, they ought to find for the plaintiff."   These instructions were refused, and the jury were instructed, that on such evidence they ought to find for the defendant.

The clause of the ordinance relied on by the plaintiff, reads in these words:— "There shall be neither slavery nor involuntary servitude in said Territory, otherwise than for the punishment of crimes, whereof the party shall have been duly convicted."

This article, it is contended by the defendant, does not operate to divest vested rights, first, because the ordinance provides that the inhabitants of the Territory shall be protected in the preservation of their rights and property; and by the act of ces-(145) sion, it is stipulated, that the inhabitants shall be protected in the enjoyment of their rights and liberties: 1 vol. *Laws U. S.*, 473.

This Court decided in the case of John Merry *v.* Tiffin and Menard, that a person born in the N. W. Territory since the ordinance of 1787, was free, although the mother might have been a slave.   The opinion has these words, "the act of cession of the State of Virginia provides that the inhabitants shall be protected in their rights and liberties.   This provision is completely satisfied by securing to them such rights as they *then* had," viz: at the time of the making of the act of cession by the State of Virginia.   John Merry was declared free because he was born after it had been provided by the ordinance, that neither slavery nor involuntary servitude should

*Absent, M'Girk, C. J.

exist in the territory; because, no right to property could vest before such property had existence.

The person holding John Merry in slavery, lost no right which had been secured to him by the State of Virginia. But here is a different case. The defendant claims to hold the plaintiff in slavery, through another whose right was vested as early as the year 1782. It appears that either the general terms " neither slavery nor involuntary servitude shall exist in the territory," must yield to the provision in the act of cession, or that the provision of that act must be violated. This it cannot be supposed Congress intended to do. The judgment of the Circuit Court ought then in my opinion to be affirmed.